JOHN S. VERBLE,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )          No.:   3:15-CV-74-TAV-DCP
                                   )
MORGAN STANLEY                     )
SMITH BARNEY, LLC, and             )
MORGAN STANLEY & CO., INC.,        )
                                   )
            Defendants.            )

## MEMORANDUM OPINION & ORDER

Plaintiff John Verble claimed that he was a whistleblower whose collaboration with

the FBI resulted in ten former employees of Pilot Flying J pleading guilty to fraud-related

charges involving a fuel-rebate scheme [Doc. 1 ¶ 20].[1]  This Court granted defendants'

motion to dismiss [Doc. 34], and the Sixth Circuit affirmed [Doc. 37], *Verble v. Morgan*

*Stanley Smith Barney, LLC*, 676 F. App'x 421 (6th Cir. 2017)*, cert. denied*, 137 S. Ct.

1348.  Plaintiff now argues that the affirmed-on-appeal judgment should be set aside, so

that he can amend his complaint to cure the pleading deficiencies that caused its dismissal

[Doc. 54].  Because Verble is not entitled this second bite of the apple, his motion will be

denied.

Verble is right that this case is "supremely complicated," but his present motion is

not.  There is a judgment entered against him [Doc. 35], and so long as that is the case,

---

[1] Familiarity with the factual background is presumed, but the Court's prior description is
nevertheless hereby incorporated by reference [Doc. 34, at 2–8].

amending his complaint is pointless. Relief from that judgment is governed by Federal Rule of Civil Procedure 60(b), which reads as follows:

> (b)     Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)     mistake, inadvertence, surprise, or excusable neglect;
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)     the judgment is void;
> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6)     any other reason that justifies relief.

Rule 60(c) provides the timing limitations on Rule 60(b) motions, which "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The time bar automatically takes the first three grounds off the table. Even assuming that Verble's present motion relates back to the first (similar) one he filed on September 6, 2017 [Doc.42], that was still nearly twenty-one months after entry of judgment on December 8, 2015 [Doc. 35]. Because twenty months is longer than a year, Rule 60(b) relief is unavailable to Verble based on the first three reasons given in that rule.

Reasons four and five are also not implicated here. Verble does not argue that the judgment is void, and reason five is inapposite to this case.

That leaves the sixth reason, which allows the Court to grant relief for judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Whatever else that broad grant of authority might entail, relief based on it is plainly not warranted here, where Verble seeks to correct pleading deficiencies, on the basis of which his complaint was dismissed, with information that he has known all along.[2] It was Verble's own strategic decision to omit the relevant information from his complaint, to not seek leave to amend before this Court dismissed his complaint, and to appeal the dismissal of his complaint rather than seek leave to amend or timely relief under Rule 60(b)(1) or (2). Relief under Rule 60(b)(6) is not available to correct mere litigation errors. *Cf. FCA US, LLC v. Spitzer Autoworld Akron, LLC*, 887 F.3d 278, 286–87 (6th Cir. 2018) ("[A] Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." (quotations and citations omitted)).

For these reasons, Verble's motion to set aside the judgment is **DENIED** [Doc. 54]. To the extent that motion can be construed as a separate request to amend the complaint, that is also **DENIED** as moot in light of the previous ruling.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Moreover, Verble's delay was not "reasonable" within the meaning of Rule 60(c), because he has given no actual reason for the (at best) twenty-one-month delay in filing the instant motion. Therefore, the relief he seeks, if even cognizable, is time-barred.